# In the United States Court of Federal Claims

No. 21-2275C

(Filed: August 29, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **SEVENTH DIMENSION, LLC,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

*Craig A. Holman*, Arnold & Porter Kaye Scholer LLP, Washington, D.C., for Plaintiff.

*Rebecca S. Kruser*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## ORDER

On December 9, 2021, Plaintiff, Seventh Dimension, LLC, filed an action pursuant to 28 U.S.C. § 1491(b), challenging the decision of Defendant, the United States — acting by and through the U.S. Department of the Army, Special Operations Command (the "Army") — to cancel Solicitation No. H92239-19-R-0002 (the "Solicitation"). ECF No. 1. Following the parties' briefing of cross-motions for judgment on the administrative record, the Court sided with Seventh Dimension, holding that the Army's cancellation decision was arbitrary, capricious, and otherwise contrary to law. *See Seventh Dimension, LLC v. United States* (*Seventh Dimension I*), 160 Fed. Cl. 1 (2022).

On May 31, 2022, the government moved for reconsideration of this Court's opinion and order. ECF No. 35. On July 27, 2022, the Court reaffirmed the merits of its first decision, but granted, in part, the government's motion for reconsideration, and modified the previously issued injunction and remand to address some of the government's concerns. *Seventh Dimension, LLC v. United States* (*Seventh Dimension II*), -- Fed. Cl. --, 2022 WL 2980491 (2022). Specifically, the Court ordered the Army to: (1) "determine whether its objectives can be accomplished by making an award on existing proposals or amending, rather than cancelling, the Solicitation"; (2) "file a status

report . . . informing the Court whether the Army has decided: (a) to award a contract based on a currently pending proposal; or (b) to amend the Solicitation and, if so, how the Army intends to amend it and what subsequent steps the Army intends to take; or (c) to cancel the Solicitation"; and (3) "file a statement from the contracting officer explaining the Army's selected course of action with particularity, how the Army intends to implement it, as well as any supporting rationale." *Id.* at \*19.

Pursuant to *Seventh Dimension II*, the government, on August 10, 2022, filed a status report, ECF No. 47, and a statement from the contracting officer (the "CO's Statement"), ECF No. 47-1, as required.

The government represented in its status report that the Army intends to take a number of specific corrective actions to address the relief ordered in *Seventh Dimension II*. ECF No. 47 at 1. Specifically, the government indicated that the Army will take the following steps: (1) make a further competitive range determination involving remaining offerors; (2) amend the Solicitation; (3) issue the amended Solicitation and request a final proposal revision; (4) evaluate the final proposal revision and conduct negotiations as appropriate; and (5) make an award under the Solicitation and request contract clearance (collectively, the "corrective action steps"). *Id.*

Seventh Dimension responded to the government's status report on August 17, 2022. ECF No. 48. On August 19, 2022, the Court held a status conference to discuss the government's status report and Seventh Dimension's response. *See* ECF No. 49.

The Court finds that the Army's proposed corrective action steps — as specifically delineated in the Army's status report and the CO's Statement — adequately address the modified relief in the Court's opinion and order on reconsideration, *see Seventh Dimension II*, 2022 WL 2980491, at \*19. Accordingly, and with the consent of the parties,[1] the Court hereby orders that the Army's corrective action steps shall constitute further relief implementing, and consistent with, its prior orders. The Court's order vacating the Army's second cancellation decision, *Seventh Dimension II*, 2022 WL 2980491, at \*19, thus remains in effect, and the Army shall undertake the corrective action steps identified in the government's status report and the CO's Statement, notwithstanding the previously issued injunction.

With regard to bid and proposal costs, the Court held that the government shall pay Seventh Dimension its bid and proposal costs if the Army takes "any action other than awarding a contract to Seventh Dimension." *Seventh Dimension II*, 2022 WL 2980491, at \*19. To avoid further litigation, however, Seventh Dimension has agreed to defer the bid and proposal costs issue to allow the Army to implement the corrective action steps

---

[1] The parties submitted a jointly proposed, draft order via email to the undersigned's law clerk, which the Court effectively adopts here.

pursuant to this order. If Seventh Dimension receives the contract award, Seventh Dimension agrees to forego recovery of its bid and proposal costs. If the Army does not award a contract to Seventh Dimension (and without impact to whatever rights Seventh Dimension may have to challenge such an outcome), the parties agree that the Court may hold further proceedings to quantify and award the bid and proposal costs due Seventh Dimension pursuant to the Court's opinion and order on reconsideration, *see Seventh Dimension II*, 2022 WL 2980491, at *19. Such proceedings, the parties agree, may be held pursuant to Rule 60(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").[2]

Any further litigation related to the reinstated Solicitation or this order shall be filed and treated as a related case.

## CONCLUSION

Given the foregoing, and based on this Court's original opinion and order, *Seventh Dimension I,* 160 Fed. Cl. at 1, and this Court's opinion and order on reconsideration, *Seventh Dimension II*, 2022 WL 2980491, the Court hereby **ORDERS** that the Army shall: (1) make a further competitive range determination involving remaining offerors; (2) amend the Solicitation; (3) issue the amended Solicitation and request a final proposal revision; (4) evaluate the final proposal revision and conduct negotiations as appropriate; and (5) make award under the Solicitation and request contract clearance. The Army shall implement those corrective action steps consistent with the details specified in the government's status report, ECF No. 47, and the contracting officer's statement, ECF No. 47-1, both which shall remain under seal.

The Clerk of the Court shall enter **JUDGMENT** for Seventh Dimension, accordingly.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[2] Nothing in this order shall alter the one-year time constraint on RCFC 60(b) proceedings. The government has indicated that it intends to complete the actions set forth in the CO's Statement in less than one year.